IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-CV-02180-MJW

JIM T. ROGERS,

    Plaintiff

v.

TETRA TECHNOLOGIES, INC., a Texas Corporation

    Defendant.

---

## PROTECTIVE ORDER (Doc 20-1)

---

Considering the foregoing Joint Motion for Protective Order;

IT IS HEREBY ORDERED THAT:

    1.    This Agreed Order controls the use of information appropriately designated by either party as "Confidential" and contained in any computer data, video or audio tape recordings, and all other documents, including responses to Requests for Production, Interrogatories, testimony (including deposition testimony and deposition exhibits), or other materials produced in this action.

    2.    "Confidential Information" shall include proprietary business information and protected or private individual personal information, including but not limited to individually identifiable medical information and/or protected health information as defined by the HIPAA Privacy Rule, to be designated clearly by the producing party as "confidential."

3. All documents produced by the parties that contain Confidential Information and are designated "Confidential" shall be treated and maintained as such by all persons to whom such documents are disclosed pursuant to the terms of this Order.

4. Documents, materials and information designated as Confidential Information shall be used ONLY in connection with this case and may not be disclosed in whole, in part, or in substance, to persons who are not parties to this action or counsel of record for the parties to this action or the following persons, who shall be advised of the terms of this Protective Order and who agree to be bound by the terms of this Protective Order: the parties' agents, employees, witnesses, experts, or consultants involved in this matter, except as may otherwise be allowed by this Order. The use and/or disclosure of Confidential Information to any person or entity other than the above persons is expressly prohibited. However, this Protective Order in no way operates to restrict the disclosure or use of any information which is known or otherwise becomes known.

5. Any documents, exhibits, or other materials (or portions thereof) which are designated as Confidential Information pursuant to the terms hereof shall be marked on the front page of a multi-page document and on each applicable single page document with a stamp or written statement clearly indicating that it is regarded as containing Confidential Information; or as to voluminous productions, they may be marked in any other manner agreeable to all counsel and/or the parties. A stamp or clearly printed statement in the form as follows shall be regarded as sufficient:

"CONFIDENTIAL"

Where Confidential Information is in a form such that a stamp or mark cannot be reasonably affixed thereon, then such information shall be designated Confidential Information in any manner that is agreed upon by the parties in writing.

Deposition testimony and exhibits may be designated as Confidential Information either at the time of the deposition or by written notice to opposing counsel and the court reporter not later than thirty (30) days after receipt of the deposition transcript.

The Parties shall use reasonable care not to disclose Confidential Information in the public record regarding this proceeding. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

6. Documents, materials, exhibits, and information designated as Confidential Information pursuant to the terms of this Order may be disclosed for purposes of this action to trial counsel, employees and professional and legal assistants of counsel, and to any consulting or testifying expert or lay witness in this action.

7. Notwithstanding the above, and consistent with and pursuant to the terms of this Order, any documents, materials, and information properly designated as Confidential Information pursuant to the terms of this Order may be revealed, exhibited, reviewed, and otherwise disclosed during the course of formal depositions in the case.

8. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the parties consent in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosures. Moreover, this Order shall not limit any party's right to use its own Confidential Information in *any* manner that it may choose to do so, with the caveat that when doing so, the other party may also use that same Confidential Information for any legitimate

purpose. Nor shall this Order regulate the admissibility of any evidence at trial or the parties' right to introduce such evidence.

9. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

c. prejudice in any way the rights of any party to seek a court determination of whether particular discovery materials should be produced.

10. If and when disputes arise as to the applicability of this Order to any information produced by the parties during the course of this litigation, the parties shall seek to resolve such disputes by agreement. If the parties cannot reach an agreement to resolve such a dispute, the Court, on motion of either party, will consider and rule on the dispute; provided, however, that any Confidential Information, the designation of which is subject to dispute, shall be treated as Confidential Information subject to this Order until the Court orders otherwise.

11. The inadvertent or unintentional disclosure of any Confidential Information shall not be construed to be a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific Confidential Information disclosed or as to other related information.

12. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of

any objection that might be raised as to the discoverability or admissibility at trial of any document, information or testimony.

13. The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. All counsel shall take steps to ensure the continued non-disclosure of Confidential Information contained in any work-product materials, and all counsel shall abide by the non-disclosure obligations of this Agreement.

14. Jurisdiction to determine any dispute arising out of this Order after termination of this action shall be retained by the presiding court, *only if, independent jurisdiction can be established.* [handwritten]

15. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. The Court shall retain jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate.

16. The parties understand and acknowledge that a willful violation of this Order may be punishable as contempt of this Honorable Court.

SO ORDERED this __16th__ day of __October__, 2014.

_[signature]_

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO